**Shaffer v. Munson**

*Herbert Fishbone,* of *Fishbone & Refowich,* for plaintiffs.

*Lewis R. Long,* for defendants.

WIEAND, J., June 25, 1974.—This action in ejectment was instituted by plaintiffs to recover from defendants the possession of premises known as No. 553 Skyline Drive, Allentown, Lehigh County, Pa. The sole relief requested by the complaint was recovery of possession; no claim for damages was included. Defendants filed an answer which contained, inter alia, counterclaims pleaded in the alternative. When plaintiffs failed to file a reply, despite more than ample time in which to do so, both defendants caused default judgments to be entered pursuant to one of those counterclaims. Specifically, judgment was entered in favor of James Munson and Jean Munson, husband and wife, for $3,600, and in favor of State Capital Savings and Loan Association, mortgagee, for $19,968.38. These amounts allegedly represented the cost of improvements made to the land and the costs involved in foreclosing the construction mortgage. Plaintiffs filed a motion to strike these judgments, and that motion to strike is presently before the court for determination.

It is with some reluctance that we concur with plaintiffs and strike the judgments. In doing so, we do not intend to condone the delay for which they are responsible and which has contributed in large measure to the mass of procedural confusion now apparent on the record of these proceedings. It is clear, however, that defendants' counterclaim was improper. A counterclaim in an action of ejectment is permitted only if plaintiff claims damages, in which event a counter-

claim may be pleaded which arises out of the same transaction or occurrence or series of transactions or occurrences from which the cause of action arose: Pennsylvania Rule of Civil Procedure No. 1056(a). See also Griffith v. Davis, 70 D. & C. 100; Dicostanzo v. Keller, 32 Westmoreland 185; Goodrich-Amram Rules, §1056(a)-1; 3 Anderson, Pa. Civ. Prac. §133, et seq. Thus, it would seem that judgments entered on counterclaims filed in violation of this rule are defective in such a manner that the defects are apparent on the face of the record. To permit the judgments to remain in the instant action would not only constitute a clear violation of the foregoing rule, but it would also create a ridiculous situation. It would enable defendants to recover against plaintiffs before there was a determination that plaintiffs had a superior title and were entitled to recover possession. If we refused to strike these judgments, it is conceivable that defendants would ultimately wind up with both the land and the costs of the improvements thereon, as well as the costs of foreclosing the mortgage.

Defendants' judgments, therefore, must be stricken. By doing so, we do not determine or express any opinion concerning the substance of defendants' claims.

## ORDER

Now, June 25, 1974, it is ordered that the default judgments entered by defendants against plaintiffs on counterclaims filed by said defendants in the above-captioned action of ejectment be and the same are hereby stricken, without prejudice, however, to defendants' rights to reassert the substance of said counterclaims in appropriate proceedings hereafter.